**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH E. BURKHARD,** | : | **Civil Action No. 1:08CV-2116** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT PAUL K. SMEAL,** | : | |
| **et al.,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Joseph E. Burkhard (Petitioner), a Pennsylvania state inmate, filed the instant petition for writ of habeas corpus on November 21, 2008, challenging his Centre County convictions for Involuntary Deviate Sexual Intercourse, Indecent assault and Corruption of a Minor.  (Doc. No. 1.) For the reasons set forth below, the petition will be dismissed as a second or successive petition that the Court lacks jurisdiction to consider, absent authorization from the United States Court of Appeals for the Third Circuit.

## I.      Background

"On April 1, 2005, Petitioner filed, pursuant to 28 U.S.C. § 2254, a Petition for Writ of Habeas Corpus in the U.S. District Court for the Middle District of Pennsylvania at No. 1:CV-05-0659.  On July 13, 2006, the Honorable District Judge Kane issued a Memorandum and Order denying the Writ of Habeas Corpus and denied a Certificate of Appealability per 28 U.S.C. § 2253(c)."  (Id. at 4, ¶¶ 19-20.)

Although Petitioner represents that he filed a Certificate of Appealability in the United States Court of Appeals for the Third Circuit (Doc. No. 1, at 4, ¶¶ 21-22), review of the docket for Civil No. 1:CV-05-0659 indicates that no relief was pursued after the denial of a motion for relief from judgment in this court.  In addition, according to the Public Access to Court Electronic Records

(PACER) system, Petitioner has not filed any matters in the United States Court of Appeals for the Third Circuit.

## II.     Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1).  Before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).  "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); Gonzalez v. Crosby, 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); see also Felker v. Turpin, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996)."  Burton v. Stewart, 549 U.S. 147, 153 (2007).  If a petitioner erroneously filed a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

In this case, Petitioner acknowledges that he previously initiated a habeas corpus action before this Court challenging his Centre County convictions for Involuntary Deviate Sexual Intercourse, Indecent assault and Corruption of a Minor. See Burckhard v. Palakovich, Civil No. 1:CV-05-0659 (M.D.Pa. 2005).  In an effort to circumvent the second or successive petition rule, Petitioner captions his petition as one filed pursuant to 28 U.S.C. § 2241.  Regardless of the avenue

of relief Petitioner attempts to pursue, he has now filed a second federal petition contesting the same custody imposed by the same judgment of a state court.  As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge.  The record is clear that Petitioner has not obtained leave from the Court of Appeals for the Third Circuit to file his new petition. Because he did not do so, this Court is without jurisdiction to entertain it.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (where a state prisoner filed a second or successive habeas petition, and "did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place.").  Accordingly, the court will dismiss the petition pursuant to 28 U.S.C. § 2244(b)(3) for lack of jurisdiction.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH E. BURKHARD,** | : | **Civil Action No. 1:08CV-2116** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT PAUL K. SMEAL,** | : | |
| **et al.,** | : | |
| **Respondents** | : | |

## <u>ORDER</u>

**AND NOW**, this 18th day of December 2008, for the reasons stated in the foregoing

memorandum, **IT IS HEREBY ORDERED THAT**:

1.  The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED for lack of
    jurisdiction.

2.  A Certificate of Appealability is DENIED.  See 28 U.S.C. § 2253(c)

3.  The Clerk of Court is directed to CLOSE this case.


_s/ Yvette Kane_____
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania